**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

IN RE:                                                                                             CHAPTER 11

      ELEMENTAL PROCESSING, LLC                       CASE NO.   20-50640-tnw

           DEBTOR

**MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING**
**USE OF CASH COLLATERAL FROM AMERRA CAPITAL MANAGEMENT, LLC**

      Comes **ELEMENTAL PROCESSING, LLC,** as Debtor and proposed Debtor-in-Possession in the above-referenced Chapter 11 bankruptcy case (hereinafter, the "Debtor"), and hereby moves the Court for interim and final orders, pursuant to 11 U.S.C. Section 363(c) approving the Debtor's use of Amerra Capital Management, LLC's cash collateral, as further described herein, and to authorize the Debtor to suspend making any adequate protection payments to Amerra Capital (hereinafter referred to as the "Amerra Capital") for thirty (30) days from the date of the filing of the Petition. In support of this Motion, the Debtor states, as follows:

      1.      **Chapter 11 Filing**: On April 20, 2020, the Debtor filed its voluntary bankruptcy petition for relief under chapter 11 of title 11 of the United States Code (the "Code"). For the last one month since Elemental Processing was incorporated on May 17, 2017, the Debtor's business operation has been operating under the appointment of a receiver, being James Frazier, pursuant to the orders of the Fayette Circuit Court in Case #20-CI-907. Upon the entry of the order of relief, the Debtor has filed contemporaneously herewith a motion seeking the turnover of property by the receiver to allow the Debtor to operate its business as debtor and debtor-in-possession pursuant to Code §§ 1107(a) and 1108.

      2.      **Jurisdiction:**  This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court

can exercise its subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1). Venue of this case and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this case.

3. **Debtor's Background:** The Debtor's business is currently being operated by the Fayette County Master Commissioner, James Frazier, as receiver, pursuant to an appointment on March 13, 2020, in the case styled, *Amerra Capital Management, LLC, v. Elemental Processing,* Fayette Circuit Court, Case #20-CI-907. The Debtor has filed a separate motion requesting the turnover of the property held by the receiver pursuant to 11 U.S.C. §543 and to allow the Debtor to operate as a debtor-in-possession. The Debtor's owners desire to operate its business as a debtor and debtor-in-possession pursuant to Code §§ 1107(a) and 1108 with the court's permission.

4. **Historical Background**: The Debtor is a Kentucky corporation with headquarters at leased premises located at 2120 Capstone Drive, Suite 111, Lexington, KY 40511-8926. Since being formed in May of 2017, Elemental Processing has been a licensed Industrial Hemp grower, processor and handler participating in the State of Kentucky's Industrial Hemp Pilot Program sanctioned under the United States 2014 and 2018 Farm Acts and the Kentucky Department of Agriculture ("KDA"). Elemental Processing extracts Cannabidiol ("CBD") and other cannabinoids from the hemp plant and processes them into crude oil, refined oil, isolate powder and other bulk CBD formulated products. Elemental Processing obtains its hemp plant material primarily from its contracted farmers in states ranging across the United States. All hemp plant material is extracted and refined at Elemental Processing's 42,000 square foot facility in Lexington, Kentucky. The Lexington facility uses supercritical $CO_2$ extraction and has the capacity to process over 2,000,000 pounds of hemp bio mass a year resulting in over 40,000 Kilograms of bulk CBD ingredients. The CBD produced in Lexington is sold to customers

manufacturing retail CBD products for the nutraceutical, food and beverage, health and beauty and pet industries.

### Relief Requested

5.  To the extend that Amerra Capital claims an interest in the inventory only (hereinafter referred to as "Cash Collateral"), the Debtor request the authority to use the Cash Collateral on an interim basis since the value of the inventory is not specifically valued in Schedule B but estimated at least $8 million with an indebtedness owed to Amerra Capital at $8 million, and for this Court to set a final hearing for continued cash use and approve a permanent cash collateral order mentioned hereinafter. As used herein, "Cash Collateral" shall mean (i) all cash, negotiable instruments, deposit accounts or other cash equivalents derived from any secured creditor's collateral; and (ii) proceeds, profits of any secured creditor's collateral, including without limitation, all amounts generated by the Debtor's operations, post-petition based upon pre-petition assets and received by the Debtor.

6.  The Debtor's use of the Cash Collateral is essential to continue the business operations during this Chapter 11 bankruptcy case and to ensure a continued going concern value of its operations to maximize the recovery to all creditors. The Debtor has filed a motion seeking authority to incur post-petition lending in the amount of $750,000 from a Small Business Administration loan relating to the Payroll Protection Program in the CARE Act as enacted into law on March 27, 2020 by President Trump. These funds, along with another post-petition lender for $500,000, would be necessary to operate the Debtor under the Court's guidance. Without the use of Cash Collateral and the means of working capital from Amerra Capital's collateral, the Debtor cannot meet its ongoing obligations incurred in the ordinary course of business. In short, the Debtor is unable to operate without the use of Cash Collateral. Entry of the Interim Order is necessary to avoid immediate and irreparable harm to the Debtor's operations, its creditors and other parties-in-interest. The Debtor has proposed a Budget that includes estimated expenses from

the date of the filing of the Petition through July 22, 2020. The Debtor proposes to file financial reports so that the Court and parties may monitor the Debtor's activity.

7. Code Section 363(c) provides that a debtor "may not use, sell or lease cash collateral . . . unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale or lease in accordance with the provisions of this section."

8. As adequate protection for Amerra Capital's lien upon the Inventory (hemp and CBD oil), the Debtor proposes that the Court grant a replacement lien in the post-petition Inventory of the Debtor generated by the Debtor's post-petition operations. As further adequate protection, the Debtor shall continue to account for all cash use and the proposed cash use being incurred, and to preserve the property of the Debtor's estate. Finally, the Debtor proposed to abate any payment to Amerra Capital for thirty (30) days or such other time as the parties may agree and then to offer adequate protection payments during the pendency of this Chapter 11 case.

9. Notice of this Motion and the hearing therein has been given by e-mail to Amerra Capital's attorneys, John Hinkel and Taft McKinstry, who are its attorneys in the Fayette Circuit Court foreclosure action. The Debtor believes that entry of interim and final cash collateral orders are in the best interest of the Debtor, its estate and the creditors, and does not prejudice the rights of any party-in-interest in this case.

10. It is the intention of the Debtor to seek this Court's entry of an interim cash collateral order with Amerra Capital as the Debtor seeks to circulate proposed agreed orders. The Debtor desires to present the Court with an agreed order at the First Day Motion hearing.

**WHEREFORE**, the Debtor respectfully requests the Court to enter an Order approving an interim order authorizing the Debtor to use Amerra Capital's Cash Collateral, to grant a replacement lien upon the Inventory of the Debtor, to authorize the Debtor to cease any adequate payments to Amerra Capital for thirty (30) days, and for all other relief to which the Debtor may

appear entitled.

**NOTICE** is hereby given that the Debtor will bring this Motion on for expedited hearing on Friday, April 24, 2020 at 1:30 p.m. by the U.S. Bankruptcy Court for the Eastern District of Kentucky, 100 E. Vine Street, Third Floor, Lexington, Kentucky, by telephonic conference only. **Call-in number: (888) 363-4749; Participant Code: 6879731#. Refer to https://www.kyeb.uscourts.gov/telephonic-hearing-instructions for telephonic call-in information.** Please call in approximately ten (10) minutes prior to the hearings.

Respectfully submitted,

**BUNCH & BROCK**

By:   /s/ Matthew B. Bunch
**MATTHEW B. BUNCH, ESQ.**
271 West Short Street, Suite 805
Lexington, Kentucky 40507
(859) 254-5522
matt@bunchlaw.com
**PROPOSED ATTORNEYS FOR DEBTOR**

**CERTIFICATE OF SERVICE**

This is to certify that on this the 20th day of April, 2020, this Motion was served electronically in the method established under CM/ECF Administrative Procedures Manual and upon Amerra Capital's counsel, being John Hinkel at jhinkel@fowlerlaw.com and Taft McKinstry at tmckinstry@fowlerlaw.com.

   /s/ Matthew B. Bunch
**MATTHEW B. BUNCH**